UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TYRUS BENJAMIN JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, *et al.*,<br><br>    Defendants. | Civil Action No. 5:25-362-KKC<br><br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tyrus Benjamin Johnson filed an amended complaint (R. 8) and a motion for leave to file electronically and to receive electronic service (R. 10). Johnson's request to file electronically and receive electronic notice of filings will be denied. The Court's default rule is that *pro se* parties shall not file electronically. Instead, *pro se* filers must submit paper originals of all documents (by mail or in person) which the Clerk's office will scan into the Court's electronic system. *See* Joint General Order 21-1 (Aug. 24, 2021). The method for correctly filing documents electronically is complex, and attorneys complete a training course prior to using the system. Johnson has not identified any compelling reason to deviate from the Court's general rules.

Johnson was granted permission to proceed as a pauper by prior Order. (R. 7). Thus, the Court must perform an initial screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). That provision requires the Court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For purposes of this analysis, the Court accepts all of the plaintiff's well-

pleaded allegations as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and construes the complaint liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Johnson's claims arise out of the alleged repossession of his 2024 Tesla Model Y on September 19, 2025. (*See* R. 8 at 3). Johnson claims that Defendants Appalachian Auto Recovery, LLC and Jade Towing violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6), by taking nonjudicial action to repossess the vehicle when they had no present right to do so. He also alleges that Defendants Navy Federal Credit Union, Appalachian Auto Recovery, and Jade Towing violated various provisions of Kentucky law. (*See* R. 8 at 6-9). Defendants Navy Federal Credit Union, Appalachian Auto Recovery, and Jade Towing will be required to respond to these claims.

Johnson also includes a claim for "Replevin/Claim and Delivery" pursuant to Rule 64 of the Federal Rules of Civil Procedure. *Id.* at 9. Rule 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment"). However, the purpose of Rule 64 "is to ensure that a fund will be available with which to satisfy a money judgment"—not the "immediate return of the very subject of the lawsuit." *Tauwab v. Barry*, No. 5:13cv2036, 2014 WL 4245967, at *10 (N.D. Ohio Aug. 25, 2014). Thus, Johnson's claims under Rule 64 will be dismissed.

Finally, Johnson names as defendants the City of Richmond, Kentucky and Dana D. Fohl, J.D. (Counsel for Eastern Kentucky University) for the limited purpose of preserving records that may be relevant to his claims. (*See* R. 8 at 2-3, 9). However, Johnson has not identified any legal authority that would allow him to name these p2arties as defendants simply for the purpose of preserving evidence. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that a claim

2

has facial plausibility when the plaintiff's allegations create a reasonable inference that the defendant is liable for the *misconduct* alleged); *Andra Grp., LP v. JDA Software Grp., Inc.*, 2015 WL 12731762, at *15 (N.D. Tex. Dec. 9, 2015) (citing *Holmes v. Amerex Rent-A-Car*, 710 A.2d 846, 849 (D.C. 1998) (observing that "[t]here is no general duty in the common law for an independent non-party to preserve evidence"). *See also* Fed. R. Civ. P. 45 (providing mechanism to obtain evidence from a non-party). Accordingly, Johnson's claims against City of Richmond, Kentucky and Dana D. Fohl, J.D. will be dismissed and these parties will be terminated from this action.

The Clerk's Office and the United States Marshals Service ("USMS") will assist Johnson in serving Defendants Navy Federal Credit Union; Appalachian Auto Recovery, LLC; and Jade Towing & Storage, LLC with summonses and copies of the amended complaint. *See* Fed. R. Civ. P. 4(c)(3). However, Johnson bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Moreover, it is Johnson's responsibility to properly complete summonses, which he must present to the Clerk for signature. *See* Fed. R. Civ. P. 4(a), (b). Since Johnson has failed to do so, he will be required to correct this deficiency before the case proceeds further.

Based on the foregoing, it is **ORDERED** as follows:

1. Johnson's motion for leave to file electronically and/or receive electronic notice (R. 10) is **DENIED**.

2. The Clerk's Office is directed to **ADD** Appalachian Auto Recovery, LLC as a defendant to this action, per Johnson's amended complaint.

3. Johnson's claims against the City of Richmond, Kentucky and Dana D. Fohl, J.D. are **DISMISSED** and these defendants are terminated as parties to this action.

4. Within **14 days**, Johnson must properly obtain summonses from the Clerk's Office with respect to Defendants Navy Federal Credit Union, Appalachian Auto Recovery, LLC, and Jade Towing & Storage, in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Clerk's Office shall file a copy of the new summonses in the record. Upon completion of this step, the Court will issue a new order regarding service by the USMS. This 6th day of November, 2025.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**